**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ENRIQUE SUAREZ, )<br><br>Plaintiff, )<br><br>v. )<br><br>DONALD GLASSNER, )<br>COLE GLASSNER, and )<br>ART AND COMPANY, LLC, )<br><br>Defendants )<br>) | Civil Action No. _____<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Enrique Suarez, by and through his attorneys, for his Complaint against

defendants Donald Glassner, Cole Glassner, and Art and Company, LLC, states and alleges

as follows:

## NATURE OF THE CASE

1.      This is an action for copyright infringement brought under the Copyright Laws

of the United States, 17 U.S.C. §§ 101 *et seq.*

2.      Plaintiff Enrique Suarez brings this action because defendants Donald Glassner

and Cole Glassner, both individually and doing business as Art and Company, LLC, and

defendant Art and Company, LLC (collectively, "Defendants"), willfully infringed Mr. Suarez's

copyrights and moral rights in his original painting "City Slickers," by reproducing and

preparing derivative works based upon "City Slickers," and by publicly displaying, distributing,

selling, and offering to distribute or sell those reproductions and derivative works, without

authorization or attribution.  Upon information and belief, Defendants also willfully infringed

Mr. Suarez's copyrights and moral rights in other original paintings, by committing similar acts with respect to those paintings.

## THE PARTIES

3.      Enrique Suarez is an individual residing at 411 North Elmhurst Road, Prospect Heights, Illinois, 60070.  Mr. Suarez is an artist who works primarily in the media of acrylic and oil painting.

4.      Art and Company, LLC ("Art & Co.") is a company organized and existing under the laws of Illinois, with a principal place of business at 16309 South 107th Avenue, Orland Park, IL 60467.  Art & Co. also operates a factory showroom at 16249 South 107th Avenue, Suite 6, Orland Park, IL, 60467.  Art & Co.'s registered agent for service of process is Cole Glassner, at the address 13526 Lincolnshire Drive, Orland Park, IL, 60462.  Art & Co. does business in the State of Illinois and this District, contracts to supply goods and services within the State of Illinois and this District, derives substantial revenue from goods provided and services rendered within the State of Illinois and this District, and has committed acts of copyright infringement within the State of Illinois and this District.

5.      Donald Glassner is an individual residing at 13526 Lincolnshire Drive, Orland Park, IL, 60462.  He is a co-founder of Art & Co. and is the father of Cole Glassner.

6.      Cole Glassner is an individual residing at 13526 Lincolnshire Drive, Orland Park, IL, 60462.  He is the president of Art & Co. and is the son of Donald Glassner.

## JURISDICTION AND VENUE

7.      This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*  This Court accordingly has federal-question jurisdiction over the subject matter of Mr. Suarez's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Donald Glassner and Cole Glassner because they are domiciled in this judicial district.  This Court has personal jurisdiction over Art & Co. because its principal place of business is located in this judicial district.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and pursuant to 28 U.S.C. § 1400(a) because all defendants reside in this judicial district, have a regular and established place of business in this district, and have committed acts of infringement in this district.  A substantial part of the events alleged herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

### Mr. Suarez's Art and His Business Relationship With Defendants

10.     Enrique Suarez is an established fine artist in the Chicago area.  Over the past ten years, Mr. Suarez has exhibited and sold his paintings in many art fairs and galleries in the Chicago area, as well as in his home studio.  Mr. Suarez has studied with the well-known Mexican artist David Alfaro Siqueiros, and his work has received awards and recognition in local art fairs and publications.

11.     Mr. Suarez's art is his livelihood.  His original paintings sell for thousands of dollars each.  A customer's willingness to pay such a sum for a painting by Mr. Suarez depends in part on the knowledge that each customer receives a unique, original work of art, of which there are either no reproductions or only a limited number of authorized prints.

12.     Art & Co. provides framing services and sells oil paintings and prints.  Art & Co. displays and sells art at its warehouse and showroom facilities on 107th Avenue in Orland Park, Illinois; at an outdoor space on the corner of 167th Place and LaGrange Road (U.S. Route 45) in Orland Park, Illinois; at public multi-exhibitor shows in and around Chicago, Illinois; and

outside the State of Illinois. Art & Co. claims to have sold more than 500,000 paintings to more than 300,000 customers, and to stock an inventory of more than 10,000 paintings.

13. In or around 2007, Mr. Suarez began hiring Donald Glassner to frame his paintings at Chicago Art & Frames, Inc., in Elk Grove Village, Illinois. In or around 2008, Donald Glassner moved his framing operations from Chicago Art & Frames, Inc., in Elk Grove Village, to Art & Co., in Orland Park. Mr. Suarez continued to bring his paintings to Donald Glassner for framing at Art & Co. Approximately more than fifty of Mr. Suarez's original paintings were framed at Art & Co. before Mr. Suarez ended the business relationship in or around 2011.

14. In or around 2008, Donald Glassner proposed to Mr. Suarez a business arrangement under which Art & Co. would sell paintings by Mr. Suarez. Mr. Suarez, however, declined this offer.

15. In or around September 2009, Mr. Suarez completed the painting "City Slickers" and brought it to Art & Co. to be framed. The original work was an acrylic painting measuring 24 by 36 inches. It depicted a woman in a red dress against the background of a stylized Chicago skyline, with a bird, dog, and Greek shield in the foreground. A photograph of "City Slickers" is attached to this complaint as **Exhibit A**.

16. The painting "City Slickers" is an original work of authorship and constitutes copyrightable subject matter under the copyright laws of the United States. Mr. Suarez owns, and at all relevant times has owned, the copyright in "City Slickers," and has complied with all statutory requirements in securing a federal copyright registration for the work. The painting "City Slickers" is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, No. VA 1-834-572, a copy of which is attached to this complaint as

**Exhibit B**. Additionally, the painting "City Slickers" is an original work of visual art subject to the moral rights protections of the Visual Artists Rights Act.

17.     In or around September 2009, Mr. Suarez introduced the framed painting "City Slickers" at the "Art on the Green" art fair in Burr Ridge, Illinois. Mr. Suarez sold the painting for $2185.00 at that art fair.

<u>**Defendants' Wrongful Acts**</u>

18.     While the painting "City Slickers" was in the custody of Art & Co. for the purpose of framing, an employee of Art & Co. asked Mr. Suarez for permission to photograph the painting. Mr. Suarez refused to grant permission. Despite this refusal, the employee took a digital photograph of the painting. Mr. Suarez then requested that the employee promptly delete the digital photograph without using it for any purpose. Contrary to Mr. Suarez's request, however, the unauthorized digital photograph of the painting "City Slickers" was copied at least onto the hard drive of a computer used by Donald Glassner at Art & Co.

19.     An unauthorized digital photograph also was taken of Mr. Suarez's original painting "Rebecca" while it was entrusted to Art & Co. for framing purposes. This unauthorized digital photograph also was copied at least onto the hard drive of a computer used by Donald Glassner at Art & Co.

20.     Upon information and belief, unauthorized digital photographs also were taken of other original paintings by Mr. Suarez that were entrusted to Art & Co. for framing purposes. Upon information and belief, such unauthorized digital photographs also were copied at least onto the hard drive of a computer used by Donald Glassner at Art & Co.

21.     Defendants made or caused to be made unauthorized reproductions of and/or derivative works based upon the painting "City Slickers." Upon information and belief,

Defendants also made or caused to be made unauthorized reproductions of and/or derivative works based upon other original paintings by Mr. Suarez.

22.     Such unauthorized reproductions and/or derivative works included oil paintings, acrylic paintings, and/or prints.

23.     Mr. Suarez's signature was omitted from such unauthorized reproductions and/or derivative works based upon Mr. Suarez's original paintings.

24.     Upon information and belief, hundreds of unauthorized reproductions and/or derivative works based upon the painting "City Slickers" were made or caused to be made by Defendants.

25.     The unauthorized reproductions and/or derivative works based upon the painting "City Slickers" are substantially similar to the original painting by Mr. Suarez.  The most significant visual difference between the original painting "City Slickers" and such unauthorized reproductions and/or derivative works is the elimination of the Greek shield in the foreground. A photograph of one such unauthorized reproduction and/or derivative work is attached to this complaint as **Exhibit C**.

26.     Upon information and belief, any unauthorized reproductions and/or derivative works based upon Mr. Suarez's other original paintings are also substantially similar to the corresponding original paintings by Mr. Suarez.

27.     Upon information and belief, in or around 2011, Defendants distributed, sold, or offered to distribute or sell, or caused to be distributed, sold or offered for distribution or sale, approximately 250 unauthorized reproductions and/or derivative works based upon Mr. Suarez's original painting "City Slickers," for approximately $250.00 each, in Nashville, Tennessee.

28.     In February 2012, Defendants publicly displayed and offered to sell, or caused to be publicly displayed and offered for sale, an unauthorized reproduction and/or derivative work based upon Mr. Suarez's original painting "City Slickers," at the Home Improvement Showcase Expo in Arlington Heights, Illinois.

29.     Upon information and belief, Defendants have publicly displayed or caused to be publicly displayed unauthorized reproductions and/or derivative works based upon Mr. Suarez's original paintings, including at least the painting "City Slickers," at the Art & Co. warehouse, showroom, and outdoor sale spaces in Orland Park; at Chicago-area shows including at least the Home Improvement Showcase Expo held in Arlington Heights, Illinois, in February 2012; and outside the Chicago area including at least in Nashville, Tennessee.

30.     Upon information and belief, Defendants have distributed, sold, or offered to distribute or sell, or caused to be distributed, sold, or offered for distribution or sale, unauthorized reproductions and/or derivative works based upon Mr. Suarez's original paintings, including at least the painting "City Slickers," at the Art & Co. warehouse, showroom, and outdoor sale spaces in Orland Park; at Chicago-area shows including at least the Home Improvement Showcase Expo held in Arlington Heights, Illinois, in February 2012; and outside the Chicago area including at least in Nashville, Tennessee.

31.     Defendants are not now, and never have been, authorized or licensed to reproduce, create derivative works based upon, publicly display, distribute, sell, or offer to distribute or sell the painting "City Slickers" or any other painting by Mr. Suarez.

32.     Defendants have had actual knowledge of Mr. Suarez's refusal of permission to reproduce his paintings, and particularly the painting "City Slickers," since at least

approximately September 2009. Defendants have had actual knowledge of Mr. Suarez's refusal

of permission to distribute or sell his painting since at least approximately 2008.

33.     Upon information and belief, Defendants reproduced and/or created derivative

works based upon Mr. Suarez's paintings, and publicly displayed, distributed, sold, and offered

to distribute and sell such unauthorized reproductions and/or derivative works, for the purposes

of commercial advantage and/or private financial gain.

34.     Before commencing this action, Mr. Suarez demanded by letter that Defendants

cease their infringing activities, provide an accounting of all such activities, destroy all

unauthorized reproductions and derivative works in their possession, custody, and control, and

remit to Mr. Suarez payment for his damages, costs, and attorneys' fees. Defendants, however,

did not respond. A copy of the letter is attached to this complaint as **Exhibit D**.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 106)**

35.     Mr. Suarez repeats and realleges each and every allegation contained in

paragraphs 1 through 34.

36.     The painting "City Slickers" is an original work of authorship and constitutes

copyrightable subject matter under the copyright laws of the United States. Mr. Suarez owns,

and at all relevant times has owned, the copyright in "City Slickers," and has complied with all

statutory requirements in securing a federal copyright registration for this work. The painting

"City Slickers" is the subject of a valid Certificate of Copyright Registration issued by the

Register of Copyrights, No. VA-1-834-572, a copy of which is attached hereto as Exhibit B.

37.     Among the exclusive rights granted to Mr. Suarez under the Copyright Act are

the exclusive rights to reproduce "City Slickers," to prepare derivative works based upon

"City Slickers," and to publicly display, distribute, and sell "City Slickers" and such reproductions or derivative works based upon it.

38.     Defendants have created or caused to be created reproductions of "City Slickers" and/or derivative works based upon "City Slickers," all of which are substantially similar in visual appearance to Mr. Suarez's original painting "City Slickers," without authorization from Mr. Suarez.  Such actions infringe Mr. Suarez's exclusive copyrights in the painting "City Slickers," in violation of 17 U.S.C. §§ 106(1) and 106(2).

39.     Defendants have publicly displayed, distributed, sold, and/or offered to distribute or sell unauthorized reproductions of and/or derivative works based upon "City Slickers," without authorization from Mr. Suarez.  Such actions infringe Mr. Suarez's exclusive copyrights in the painting "City Slickers," in violation of 17 U.S.C. §§ 106(3) and 106(5).

40.     Defendants' acts of infringement have been willful, intentional, knowing, and purposeful, in disregard of and indifferent to Mr. Suarez's rights.

41.     As a direct and proximate result of Defendants' infringing conduct, Defendants have derived profits and have caused Mr. Suarez both monetary and non-monetary damage.

42.     Mr. Suarez has suffered irreparable harm as a result of Defendants' infringing activities and will continue to suffer irreparable harm in the future unless Defendants are enjoined from their infringing conduct.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF MORAL RIGHTS (17 U.S.C. § 106A)

43.     Mr. Suarez repeats and realleges each and every allegation contained in paragraphs 1 through 34.

44.     The painting "City Slickers" is an original work of visual art subject to the moral rights protections of the Visual Artists Rights Act.

45.     Among the moral rights granted to Mr. Suarez under the Visual Artists Rights Act is the right to claim authorship of "City Slickers."

46.     Defendants have created or caused to be created reproductions of "City Slickers" that do not include Mr. Suarez's signature, and have publicly displayed or caused to be publicly displayed such reproductions without attributing the work to Mr. Suarez in any way.  Such actions violate Mr. Suarez's moral right of attribution in the painting "City Slickers," in violation of 17 U.S.C. § 106A(a)(1)(A).

47.     Defendants' acts in violation of Mr. Suarez's moral right of attribution have been willful, intentional, knowing, and purposeful, in disregard of and indifferent to Mr. Suarez's rights.

48.     As a direct and proximate result of Defendants' violations, Defendants have derived profits and have caused Mr. Suarez both monetary and non-monetary damage.

49.     Mr. Suarez has suffered irreparable harm as a result of Defendants' violations and will continue to suffer irreparable harm in the future unless Defendants are enjoined from their wrongful acts.

## RELIEF REQUESTED

WHEREFORE, Mr. Suarez respectfully requests this Court to do the following:

A.     Enter judgment that Donald Glassner, Cole Glassner, and Art and Company, LLC, have willfully infringed Mr. Suarez's copyrights in the painting "City Slickers";

B.     Enter judgment that Donald Glassner, Cole Glassner, and Art and Company, LLC, have willfully violated Mr. Suarez's moral right of attribution in the painting "City Slickers";

C.     Enter orders preliminarily and permanently enjoining Donald Glassner, Cole Glassner, and Art and Company, LLC, and their respective officers, directors, agents, servants,

employees, attorneys, successors, licensees, partners, assigns, and other representatives, as well as those in active concert with each or any of them, from infringing any of Mr. Suarez's copyrights or moral rights in the painting "City Slickers";

D.    Order the impounding for destruction of all unauthorized copies, reproductions, and derivative works based upon the painting "City Slickers" in the possession, custody, or control of Donald Glassner, Cole Glassner, or Art and Company, LLC, or their respective officers, directors, agents, servants, employees, attorneys, successors, licensees, partners, assigns, and other representatives, as well as those in active concert with each or any of them;

E.    Order an accounting of Defendants' profits attributable to Defendants' infringement of Mr. Suarez's exclusive copyrights in the painting "City Slickers" or to Defendants' violation of Mr. Suarez's moral rights in the painting "City Slickers";

F.    Award Mr. Suarez monetary relief, at the election of Mr. Suarez (as authorized by 17 U.S.C. § 504), in an amount to be fixed by the Court in its discretion as just, of either:

(1)    Actual damages sustained by Mr. Suarez as a result of Defendants' infringement of Mr. Suarez's exclusive copyrights and violation of his moral rights in the painting "City Slickers," together with Defendants' profits attributable to the infringement and violation but not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b); or

(2)    Maximum statutory damages for willful infringement of Mr. Suarez's exclusive copyrights and violation of his moral rights in the painting "City Slickers," as authorized by 17 U.S.C. § 504(c)(2);

G.    Award Mr. Suarez his full costs and attorneys' fees, as authorized by 17 U.S.C. § 505;

H.    Award Mr. Suarez pre-judgment and post-judgment interest, as allowed by law; and

I.    Award Mr. Suarez such other and further relief as this Court deems just and appropriate.

## REQUEST FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Suarez respectfully requests a trial by jury of any and all issues on which trial by jury is available under applicable law.

Dated:  December 14, 2012.                   SIDLEY AUSTIN LLP

                                             By:   s/ Gwen Hochman Stewart
                                                    Gwen Hochman Stewart

                                             Gwen Hochman Stewart (# 6300029)
                                             gstewart@sidley.com
                                             Jack R. Bierig (# 0207039)
                                             jbierig@sidley.com
                                             SIDLEY AUSTIN LLP
                                             One South Dearborn
                                             Chicago, IL 60603
                                             Telephone: (312) 853-7000
                                             Facsimile: (312) 853-7036